**IN THE COUNTY COURT OF THE SIXTH JUDICIAL CIRCUIT**
**IN AND FOR PINELLAS COUNTY**
**CIVIL DIVISION**

**AARON KANT,**

**Plaintiff,** **CASE NO.**

**vs.**

**ELEVATE RECOVERIES, L.L.C.,**

**Defendant.**
______________________________/

## COMPLAINT

Plaintiff, Aaron Kant ("Plaintiff"), files this Complaint against Defendant, Elevate Recoveries, L.L.C. ("Defendant"), and alleges the following.

1. This is an action for damages that are more than $5,000 but less than $15,000, exclusive of attorneys' fees and costs.

2. This action arises out of Defendant's violations of Florida's Consumer Collection Practices Act, Fla. Stat. §§ 559.55 *et seq.* ("FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA").

3. Jurisdiction and venue are conferred by Fla. Stat. § 559.77 and 15 U.S.C. 1692i.

4. At all times material, Plaintiff was a resident of Pinellas County, Florida.

5. At all times material, the conduct of Defendant complained of below occurred in Pinellas County, Florida.

6. At all times material, Defendant engaged in its usual and customary business within Pinellas County, Florida.

## PARTIES

7. Plaintiff is a "consumer" as that term is defined by Fla. Stat. § 559.55(2) and 15 U.S.C. § 1692a(3).

8. Defendant is a company that does business in Pinellas County, Florida, is a "person" subject to regulation under Fla. Stat. § 559.72, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. Plaintiff allegedly incurred a debt associated with personal medical services provided by Mease Countryside Hospital in or around 2011.

10. The debt that Plaintiff allegedly incurred was a consumer debt as defined by Fla. Stat. § 559.55(1) and 15 U.S.C. § 1692a(5), as it was for medical services and was secured and used primarily for personal, family, and/or household services.

11. The subject debt was paid through insurance and/or payments made well before 2014.

12. In 2013, however, Defendant began attempting to collect the subject debt from Plaintiff.

13. Defendant sent or caused to be sent to Plaintiff its initial "dunning" letter under 15 U.S.C. § 1692g in an attempt to collect the subject debt. In this letter, Defendant stated that the amount Plaintiff owed is $100.00. A copy of this letter is attached as **Exhibit A**.

14. Plaintiff sent Defendant a letter disputing the subject debt and requesting verification from the original creditor that proved that Plaintiff owed the subject debt, because Plaintiff believed that the subject debt had already been satisfied.

15. Defendant responded to Plaintiff's dispute letter by sending a letter on Defendant's letterhead stating: "We received your recent letter disputing the validity of the above-referenced account(s). Enclosed is the verification of the debt we obtained from our client." A copy of the Defendant's letter and attached documentation is attached as **Exhibit B**.

16. The documentation from the original creditor, however, did not support Defendant's contention that Plaintiff owed $100.00 on the subject debt. In fact, the amount of $100.00 was not listed anywhere on the documentation provided by the original creditor.

17. Rather, the documentation from the original creditor included a bill indicating that all of Plaintiff's charges were covered by insurance, as Plaintiff thought. There was no indication whatsoever from the original creditor that Plaintiff owed $100.00. In fact, the original creditor's documentation stated that the "BALANCE FORWARD" was **$0.00** and noted at the bottom that Plaintiff was to "**PAY THIS AMOUNT: $0.00**."

18. The date of the $0.00 balance bill from the original creditor was November 6, 2011. Accordingly, as of November, 2009 – *well before Defendant attempted to collect the subject debt* – the original creditor had already acknowledged that Plaintiff did not owe the alleged debt.

19. In addition to Defendant's failure to provide verification of the $100.00 alleged debt from the original creditor, Defendant apparently altered the documents provided by the original creditor by stamping the following statement on the original creditor's documentation: "CURRENT BALANCE IS REFLECTED ON ATTACHED COLLECTION NOTICE. For inquiries, please call 866-324-7040." This stamp could not have been added by the original creditor at the time the bill was prepared, because the number listed is to Defendant's office and Defendant was not collecting the subject debt in 2011. To an unsophisticated consumer, it

appears that in response to Plaintiff's request for verification Defendant obtained documentation from the original creditor that *did not* support the alleged $100.00 debt, so Defendant altered the original creditor documentation to refer Plaintiff back to Defendant's own collection letter for verification.

20. Further, the Defendant's verification response letter stated that it was "an attempt to collect a debt." Accordingly, Defendant continued its collection efforts before it actually validated the subject debt.

**COUNT I**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692 *et seq.***

21. Plaintiff incorporates by reference paragraphs 1 through 20 of this Complaint as though fully stated herein.

22. The foregoing acts and omissions of Defendant constitute violations of the FDCPA: 15 U.S.C. 1692e, 1692e(2)(A), 1692e(10), 1692f, 1692f(1), 1692g and 1692g(b).

23. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to damages in an amount up to $1,000.00, plus reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff demands judgment for damages, attorneys' fees, costs, and such further relief as this Court deems just and proper.

**COUNT II**

**VIOLATIONS OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT**
**FLORIDA STATUTES § 559.55 *et seq.***

24. Plaintiff incorporates by reference paragraphs 1 through 20 of this Complaint as though fully stated herein.

25. The foregoing conduct of Defendant constitutes a violation of the FCCPA:

a. Fla. Stat. 559.72(9): Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

26. As a result of Defendant's violations of the FCCPA, pursuant to Fla. Stat. § 559.77 Plaintiff is entitled to damages in an amount up to $1,000.00 for each violation of the FCCPA, plus reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff demands judgment for damages, attorneys' fees, costs, and such further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Paul R. Fowkes, Esq.
Fla. Bar No. 723886
pfowkes@DFHlawfirm.com
1041 US Highway 19
Holiday, Florida 34691
(813) 221-0500
(813) 228-7077 (Facsimile)
*Attorneys for Plaintiff*